FILED by _____ D.C.
INTAKE

DEC 1 8 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

MAGISTRATE JUDGE
JOHNSON
# CIV-MARRA

MERCEDES J. FRANKLIN, and
DAVID GANTT, d/b/a G. DAVID CO.,

                    Plaintiffs,

v.

MARY JANE VOTYPKA,
individually, and MEL LTD., LLC, a
Florida limited liability company, d/b/a
MARK EDWARDS

                    Defendants.
_____/

CASE NO.

## 07-61848

FILED UNDER SEAL

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, MERCEDES J. FRANKLIN and DAVID GANTT d/b/a
G.David Co. , (collectively "Plaintiffs"), by and through their undersigned
attorneys, hereby sue Defendants MARY JANE VOTYPKA, individually,
and MEL LTD., LLC, a Florida limited liability company, d/b/a Mark
Edwards, (collectively "Defendants") hereby state and allege the following:

## PARTIES

1.      Plaintiff, MERCEDES J. FRANKLIN, an individual residing in
Southport, Florida.

2.      Plaintiff, DAVID GANTT d/b/a G. David Co., an individual
residing in Southport, Florida.



3.     Defendant, MARY JANE VOTYPKA (hereinafter "VOTYPKA"), an individual residing at 9565 New Waterford Cove, Delray Beach, Florida 33446-9749 in Palm Beach County, Florida.

4.     Upon information and belief, Defendant, MEL LTD., LLC (hereinafter "MEL"), is a Florida Limited Liability Company, with its principal address being a residence previously owned by Defendant, VOTYPKA, listed as 2683 NW 49th Street, Boca Raton, FL 33434 but having an actual place of business in Broward County at 412 South Military Trail, Deerfield Beach, Florida 33442.

## JURISDICTION AND VENUE

5.     Through this civil action, Plaintiffs assert claims against the Defendant, MEL, for copyright infringement arising under 17 U.S.C. § 501 *et seq.*, trademark infringement arising under 15 U.S.C. § 1114 and 15 U.S.C. 1125 § (a); and they assert liability on Defendant, VOTYPKA (1) under the alter ego doctrine, (2) under Fl. Stat. Ch. 608.4228 for breach and/or failure to perform manager member duties and (3) under vicarious liability for MEL's copyright infringement.  This Court has original subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental subject matter jurisdiction over Plaintiffs' common law and state law claims pursuant to 28 U.S.C. § 1367(a).

6.     This Court has general personal jurisdiction over the Defendant, MEL, because it resides within this judicial district, i.e. MEL principal place of business is located within this judicial district, and MEL committed acts of copyright and trademark infringement in this judicial district.  This Court has general personal jurisdiction of over Defendant, VOTYPKA, because

VOTYPKA resides in this judicial district and conducts continuous, systematic, and routine business 5 district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a), because the Defendants are subject to personal jurisdiction in this judicial district and reside in this judicial district.

## FACTS COMMON TO ALL COUNTS

8.     This is a civil action for copyright infringement pursuant to 17 U.S.C. § 501 *et seq.*; trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a) and they assert liability on Defendant, VOTYPKA, (1) under the alter ego doctrine, (2) under Fl. Stat. Ch. 608.4228 for breach and/or failure to perform manager member duties and (3) under vicarious liability for MEL's copyright infringement.

9.     Plaintiffs have been, for many years, engaged in the business of designing, manufacturing, and distributing original items of gold jewelry to retail jewelry stores in Florida and in interstate commerce throughout United States.

10.     Plaintiffs' jewelry designs contain a large amount of material wholly original with the Plaintiffs and are copyrightable subject matter under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

11.     Plaintiffs in compliance with Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.,* have secured exclusive rights and privileges in and to the said articles of jewelry and received Certificates of Registration from the Register of Copyrights, identified as follows:

| VA 390-991 | VA 423-480 | VA 423-481 |
| VA 423-479 | VA 419-017 | VA 466-962 |

| VA 466-964 | VA 466-963 | VA 459-138 |
|---|---|---|
| VA 466-981 | VA 466-960 | VA 520-354 |
| VA 471-190 | VA 520-353 | VA 698-254 |
| VA 520-352 | VA 550-909 | VA 698-257 |
| VA 698-255 | VA 698-259 | VA 789-260 |
| VA 698-256 | VA 698-258 | VA 611-210 |
| VA 876-980 | VA 604-592 | VA 247-111 |
| VA 247-109 | VA 247-110 | VA 241-503 |
| VA 247-112 | VA 247-113 | VA 290-833 |
| VA 241-504 | VA 241-505 | VA 348-009 |
| VA 290-834 | VA 348-008 | VA 348-012 |
| VA 348-010 | VA 348-011 | VA153-656 |
| VA 348-013 | VA353-796 | VA 394-691 |
| VA 798-757 | VA 381-702 | VA423-477 |
| VA 386-821 | VA 394-651 | VA 604-591 |
| VA 423-478 | VA 611-209 | VA 1-133-174 |
| VA 964-287 | VA 1-133-173 | VA 1-133-170 |
| VA 1-133-175 | VA 1-133-169 | VA 1-020-800 |
| VA 1-133-171 | VA 1-133-172 | |

12.    Since the dates of registration, each of the said copyrighted articles has been published by Plaintiffs and all copies made by Plaintiffs have been published in strict conformity with the provisions of the Copyright Act and all laws governing copyright, including the placing of a notice of copyright on each article.

13.     The Plaintiffs are the sole proprietors of all rights, title and interest in each of said copyrights.

14.     Plaintiffs are the owners of trademark registration number 1, 986,460 comprising the fanciful design of the letters MJF, which trademark has been continuously used by plaintiffs on each piece of jewelry depicted in each of the above stated copyright registrations. The Plaintiffs are the sole proprietors of all rights, title and interest in each of the said trademarks.

15.     Plaintiffs have manufactured and sold, throughout the United States, gold jewelry designs depicted in the above stated copyright registrations for twenty-three (23) years. And as stated, the fanciful MJF trademark has been imprinted on each of such jewelry items made and sold; and each piece bears a copyright notice and a 14K symbol. It is estimated that over 300,000 items of nautical jewelry designs bearing the fanciful MJF trademark have been distributed throughout the United States. Further, since approximately 1984 Plaintiffs, or one of them, have attended virtually every major jewelry trade show in the United States where the copyrighted and trademarked jewelry designs of Plaintiffs have been displayed. As a result of the concentrated and extensive efforts of Plaintiffs, their nautical jewelry designs and the MJF trademark have become synonymous with Plaintiffs and have even acquired a secondary meaning.

16.     On March 9, 2007, MEL filed articles of organization with the Florida Department of State, Division of Corporations. Said Articles listing a homestead residence located at 2683 NW 49th Street, Boca Raton, Florida 33434 as the corporation's principal place of business and the address of the resident agent. At the time of filing the Article, the said residence was not owned by VOTYPKA or MEL. Said Articles list the Defendant,

VOTYPKA, individually as the registered agent and as the sole Manager/Member.

17.     On or about June 18, 2007, MEL announced that MEL and MEL d/b/a Mark Edwards had moved their manufacturing facilities from 239 Goolsby Blvd, Deerfield Beach, FL, 33442 to 412 S. Military Trail, Deerfield Beach, FL, 33442.

18.     On August 3, 2007, MEL registered the name "Mark Edwards" as a fictitious name to be used to transact business in Florida and throughout the United States stating MEL's mailing and business address as 412 South Military Trial, Deerfield Beach, Florida 33442.

19.     Upon information and belief, the business of MEL comprises the manufacturing of and selling at wholesale, gold jewelry items such as charms, pendants, bracelets, necklaces and the like, where as the said jewelry items are manufactured at said South Military trail location.

20.     Upon information and belief, at all times material and relevant to this case, MEL has manufactured and distributed from said South Military Trail address, exact replicas or copies of Plaintiffs' original copyrighted designs to retail jewelers and/or consumers in the state of Florida and throughout the United States without the authorization of the Plaintiffs.

21.     Defendants are manufacturing at said South Military Trail location and selling therefrom pieces of gold nautical jewelry that are copies of Plaintiffs' copyrighted designs without Plaintiffs' consent and are in violation of Plaintiff's copyrights.

22.     Defendants are at times using their own markings, as trademarks, on pieces of gold nautical jewelry that are copies of Plaintiffs' copyrighted designs and at other times using Plaintiffs' registered trademark

of said copies made and sold by Defendants in violation of Plaintiffs'
common law and statutory trademark rights.

23.     Upon information and belief, at all times material and relevant
to this case, Defendant, VOTYPKA, acting as the managing member of
MEL, breached or failed to perform her duties by allowing MEL to commit
acts of copyright infringement. Further, VOTYPKA actions constituted a
criminal act under 17 U.S.C. § 506(a) because the infringement was willful
and was committed for the purpose of commercial advantage or private
financial gain. As a result, Defendant, VOTYPKA is personally liable for
monetary damages arising from MEL'S copyright infringement, pursuant to
Fla. Stat. § 608.4228.

24.     Upon information and belief, at all times material and relevant
to this case, Defendant, VOTYPKA, was in a supervisory position with
respect to the activities of MEL and the fictitious business entity Mark
Edwards and had a direct financial interest in said activities. As a result,
Defendant, VOTYPKA is personally liable for monetary damages arising
from MEL'S copyright infringement, under vicarious liability.

25.     Upon information and belief, the individual Defendant,
VOTYPKA formed MEL, in part, for the illegal and improper purpose of
infringing Plaintiffs' copyrighted works.

26.     Upon information and belief, the individual Defendant,
VOTYPKA is the alter ego of the corporate Defendant, MEL. As a result,
Defendant, VOTYPKA is personally liable for monetary damages arising
from MEL'S copyright infringement, under alter ego doctrine.

## COUNT I
(Copyright Infringement under 17 U.S.C. § 501 *et seq.*)

27. Plaintiffs reallege the allegations contained in paragraphs 1 through 26 of this Complaint as though fully and completely set forth herein.

28. Plaintiffs are the legal owners of the aforementioned copyrighted jewelry designs and possess valid registrations for each copyrighted jewelry design.

29. On or about June 2007, MEL d/b/a Mark Edwards at the Las Vegas Nevada jewelry trade show, exhibited and offered for sale jewelry advertised as being the line of nautical jewelry covered by Plaintiffs aforementioned copyrights.

30. On or about April 2007, MEL d/b/a Mark Edwards manufactured and sold a gold turtle bearing the trademark of Mark Edwards to a Jeweler located in Tennessee. Said gold turtle having the same product number (C 993 BF) as sold by Plaintiffs and being an exact copy of Plaintiffs' copyrighted work , registration No. VA 1-020-800. (Copy attached as Composite "Exhibit D").

31. On October 22, 2007, MEL d/b/a Mark Edwards manufactured and sold a gold hanging blue claw crab to a retail jeweler, Jay Lubeck of Gold Smyth. Said gold hanging blue claw crab is exact copy of the Plaintiffs' original copyrighted work registered under registration number VA 348-009 (Copy attached as Composite "Exhibit E") and it bears the Plaintiff's registered trademark on the back thereof and the trademark of Mark Edwards on the bail thereof.

32. A limited internet search conducted on or about October 2007 evidences that any number of jewelers conducting business over the internet are presently selling exact copies of the copyrighted jewelry designs of Plaintiffs. These internet retailers generally include language to the effect

that the nautical jewelry is made by Mark Edwards and requires additional time because each piece is custom made. Such internet retailers include but are not limited to: iboats.com and americanmarinesupply.com.

33.    MEL d/b/a Mark Edwards own internet site includes the "Tradewinds" collection which is in fact includes many of the pieces in the nautical line of Plaintiffs' copyrighted jewelry designs.

34.    In accordance with the above, the Defendant, MEL, has exhibited, manufactured and sold, and continues to make and sell, copies of the Plaintiffs' original copyrighted jewelry designs protected under the aforementioned copyright registrations without the consent of Plaintiffs . These actions comprise copyright infringement in violation of the exclusive rights granted to Plaintiffs by 17 U.S.C. § 106.

35.    The Defendant's, MEL, copyright infringement was with knowledge that jewelry designs they were copying and selling were subject to valid United States copyright registrations and with the knowledge that it was not authorized to copy and distribute the said copyrighted works. Defendant infringement was thus willful, deliberate and intentional.

36.    Defendants have illegally and continue to profit from their infringing activities.

37.    The Defendants infringing acts have caused financial damage and entitle the Plaintiffs to recover actual damages and any profits of Defendant not taken into account in computing the actual damages or, at their election, statutory damages for willful infringement in the amount of $150,000 per copyrighted work infringed.

38.    Defendant, VOTYPKA, is personally liable for damages resulting from said copyright infringement by MEL (1) under the alter ego doctrine because VOTYPKA is active and conscious force behind MEL, (2)

pursuant to Fl. Stat. Ch. 608.4228 because VOTYPKA actions constituted criminal infringement under 17 U.S.C. § 506(a) and her actions were a breach and/or failure of her duties to MEL and (3) under vicarious liability because VOTYPKA had the right and ability to supervise the infringing activities of MEL and as owner of MEL had a direct financial interest in said infringing activities.

39.    Plaintiffs have demanded by and through Defendants' principals and or predecessors to cease and desist their infringing activities but Defendants refuse to do so and have formed MEL d/b/a Mark Edwards to carry on their illegal activities.

40.    Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which the Plaintiffs have no adequate remedies at law because monetary damages alone cannot fully compensate the Plaintiff for its injuries; thus Plaintiffs pray that the Defendant is enjoined preliminarily and permanently by this Court.

41.    Plaintiffs have engaged the undersigned attorneys to represent them in this matter and the Plaintiffs have agreed to pay their attorney a reasonable fee for their services.

## COUNT II
(Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a))

42.    Plaintiffs reallege the allegations contained in paragraphs 1 through 41 of this Complaint as though fully and completely set forth herein.

43.    Plaintiff, Mercedes J. Franklin, is the legal owner of the fanciful MJF trademark and possesses a valid federal registration in said trademark, i.e. registration number 1,986,460.

44.    The turtle jewelry aforementioned contained Defendants' trademark on the back thereof indicating falsely that it originated from Defendants and accordingly comprises a false designation of origin in violation of 15 U.S.C. § 1125(a ) and/or § 1114.

45.    The copy of Plaintiffs' aforementioned crab design sold by Defendants contains the Plaintiff, Mercedes J. Franklin, registered trademark under registration number 1,986,460, on the body thereof.  The illegal use of Plaintiff's registered trademark comprises a violation of 15 U.S.C. §§ 1125(a) and/or 1114 in that it indicates that the item of jewelry originated from Plaintiffs when it did not.

46.    The copy of Plaintiffs' aforementioned crab design sold by Defendants includes a bail that contains Mark Edwards' trademark thereon. Said Mark Edwards trademark in conjunction with the illegal MJF trademark comprises a violation of 15 U.S.C. § 1125(a) in that it falsely indicates an affiliation with Plaintiffs, or sponsorship by Plaintiffs.

47.    Defendant, MEL, has used and currently is using Plaintiff's registered trademark in interstate commerce without the authorization of the Plaintiffs in a way that has caused consumer confusion as to Plaintiffs' association with, affiliation with, or sponsorship of Defendant's jewelry.

48.    Such actions, above stated, by Defendants were intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

49.    For each completed act of infringement, Plaintiffs are entitled to recover their actual damages as well as Defendant's profits from such infringement.

50.    Defendant, VOTYPKA, is personally liable for damages resulting from said trademark infringement by MEL (1) under the alter ego

doctrine because VOTYPKA is active and conscious force behind MEL and (2) under vicarious liability because VOTYPKA is the managing member with control and responsibilities over MEL and MEL'S infringement was committed within the scope of employment.

51.     Plaintiffs have demanded by and through Defendants' principals and/or predecessors to cease and desist their infringing activities but Defendants refuse to do so and formed MEL d/b/a Mark Edwards to carry on their illegal activities.

52.     Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which the Plaintiffs have no adequate remedies at law because monetary damages alone cannot fully compensate the Plaintiff for its injuries; thus Plaintiffs pray that the Defendant is enjoined preliminarily and permanently by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in favor of Plaintiffs and grant the following relief:

A.     That Defendants and their officers, directors, agents, servants, employees, attorneys, and any persons in concert or participation with any of them, be enjoined and restrained preliminarily and permanently from directly or indirectly;

1.     manufacturing, reproducing, making, printing, reprinting, publishing, displaying, selling, offering for sale, promoting, advertising, concealing, or distributing any article of manufacture, especially jewelry, bearing designs copied from a closely resembling Plaintiffs' copyrighted works, or from permitting or causing others to do any of such acts; or

2.     utilizing Plaintiffs' copyrighted designs or any elements thereof or any colorable imitations thereof or otherwise suggesting in any way that Defendants' products have been approved by, authorized by, licensed by, sponsored by or affiliated with the Plaintiffs.

B.     That Defendants, jointly and severally, be required to pay over to the Plaintiffs for all profits, gains, and advantages derived as a result of their infringement and for their other violations of law.

C.     That Plaintiffs recover actual damages they suffered, lost profits and statutory damages pursuant to 17 U.S.C § 504 from Defendants, jointly and severally, because of Defendants infringement and for their other violations of law.

D.     That all copies, designs, manufacturing molds, manufacturing dies, computer hardware and software, storage devices and distribution equipment used or connected to said infringement be seized and delivered to this Court during the pendency of this action or disposed of according to this Court, regardless if these items are in possession of Defendants or their officers, directors, agents, servants, employees, attorneys, and any persons in concert of participation with any of them.

E.     That Plaintiffs recover from Defendants, jointly and severally, reasonable attorney fees and costs of suit incurred herein, including expert witness fees pursuant Fla. Stat. § 501.201 *et seq*.

F.     That Plaintiffs recover punitive damages from Defendants, jointly and severally.

G.     That Plaintiffs recover pre and post judgment interest from Defendants, jointly and severally.

H.     That Plaintiffs recover compensatory damages from Defendants, jointly and severally.

I.     That Plaintiffs be granted such other and further relief as this

Court may deem just and proper.


Dated: December 17, 2007


Respectfully Submitted,

Richard M. Saccocio, Esquire
Florida Bar No. 166770
LAW OFFICE OF RICHARD M. SACCOCIO, P.A.
780 W. Tropical Way
Plantation, Florida 33317
Telephone:  (954) 764-8003
Facsimile:  (954) 583-9415
Email: (rmsaccocio@bellsouth.net)

And

Timothy L. Grice, Esquire
Florida Bar No. 47040
LAW OFFICE OF TIMOTHY L. GRICE, P.A.
301 Clematis Street
Suite 3000
West Palm Beach, Florida 33407
Telephone:  (561) 308-9989
Facsimile:  (561) 684-8470
Email: (tgrice6@gmail.com)

## Read Message

From : "GSE JEWELERS" <GSE@cros.net>   |   🖫 Save to Address Book   |   Block Sender

Previous   Next

To : <acalley4@netzero.com>

Cc : <acalley4@netzero.com>

Subject : online order

Date : Fri, Apr 13, 2007 12:36 PM

| Reply | Reply All | Forward | Delete | Report Junk |   Move message to... 🖫   [ Printable

Camille-
   I just wanted to confirm that I received your online order, and we also received your payment in the amount of $620.00.  I called the factory to place the order for the pendent, and I should have it here in 2-3 weeks, at which email you again and ship it off to you.  Each item is hand made, not stamped out, and they are made to order.  If have any questions, or if there is anything further I can do to assist you, please let me know, otherwise I will let y as soon as I'm ready to mail this item to you.
   Thank you for your order!
Emily @ GSE Jewelers

| Reply | Reply All | Forward | Delete | Report Junk |   Move message to... 🖫   [ Printable

Previous   Next

PLAINTIFF'S
EXHIBIT
01

PLAINTIFF'S
EXHIBIT
COMPOSIT D
8 PAGES

# You've Got Cash!

Dear GSE Jewelers,

This email confirms that you have received a payment for $620.00 USD from Camille Alley (acalley4@netzero.com).

## Receipt ID: 1434-7435-3837-5451

The number above is the buyer's receipt ID for this transaction. Please retain it for your records so that you will be able to reference this transaction for customer service.

View the details of this transaction online

## PayPal Shopping Cart Contents

| | |
|---|---|
| **Item Name:** | 3-D Green Sea Turtle Pendant |
| **Item Number:** | C993BF |
| **Quantity:** | 1 |
| **Total:** | $600.00 USD |
| | |
| **Cart Subtotal:** | $600.00 USD |
| **Shipping:** | $20.00 USD |
| **Sales Tax:** | |
| **Cart Total:** | $620.00 USD |

## Payment Details

| | |
|---|---|
| **Total Amount:** | $620.00 USD |
| **Currency:** | U.S. Dollars |
| **Transaction ID:** | 76P91033C9805860V |
| **Buyer:** | Camille Alley |

*Thank you !*

## Shipping Information

| | |
|---|---|
| **Address:** | Camille Alley |
| | P.O. Box 356 |
| | 5041 College St. |
| | Bells, TN 38006 |
| | United States |

4/13/2007



# GSE Jewelers
## *"What A Brilliant Idea !"*
4062 E. Harbor Rd. • Knoll Crest Plaza • Port Clinton, OH 43452
(419) 732-6691 • Fax (419) 732-2523 • www.gsejewelers.com

Date **4/23/07**   Sales Clerk **EB**

Sold To **Camille Alley**

Address **5041 College St.**
**Bells, TN 38006**

| DESCRIPTION | AMOUNT |
|---|---|
| 14kyg 25mm 3-D Sea Turtle | 1000.00 |
| Shipping | 20.00 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

No Cash or Credit Card Refund.
Exchanges Only.
Deposits Are Not Refundable.

Sub-Total **1020.00**
Sales Tax **tx ex**
TOTAL **1020.00**

PLAINTIFF'S EXHIBIT D-3

*SAMPLE I HAVE*

**3-D Green Sea Turtle Pendant**

MSRP: $705.00
**Online: $600.00**
**#C993BF**



[ Add to Cart ]

**21MM Green Sea Turtle 3-D Pendant**

MSRP: $240.00
**Online: $204.00**
**#CAP69F**



[ Add to Cart ]

---

**25MM Box Turtle Pendant**

MSRP: $995.00
**Online: $846.00**
**#C1063A-1/2**



[ Add to Cart ]

**17MM Box Turtle Pendant**

MSRP: $365.00
**Online: $311.00**
**#C1063BF**



[ Add to Cart ]

[ View Cart ]

Home | About GSE | Nautical | Contact GSE | Privacy Policy

© 2007 GSE Jewelers
All right reserved.
*No part or portion of this website can be reproduced without expressed written consent from GSE Jewelers.*

*Site design by TC Creative Services*





THIS IS
C1033 B½
is on same
copyright
as Collection
65-76
with GSE
evidence
& 2 green
post it
note

PLAINTIFF'S
EXHIBIT
D 5



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

RI

**VA 1-020-800**

EFFECTIVE DATE OF REGISTRATION

01    05    00
Month    Day    Year

# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been ~~part of the Copyright Office records.~~

*Marybeth Peters*

OFFICIAL SEAL
United States of America

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK** ▼

Collection 65-66-67-68-69-70-71-72-73-74-75-76

**NATURE OF THIS WORK** ▼ See instructions

Jewelry Designs

**PREVIOUS OR ALTERNATIVE TITLES** ▼

None

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work** ▼

Company Catalogue

If published in a periodical or serial give: **Volume** ▼    **Number** ▼    **Issue Date** ▼    **On Pages** ▼

---

**2**



**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR** ▼

Mercedes J Franklin-G David Co

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☒ No
Pseudonymous?   ☐ Yes   ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR** ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
1999 ◀ Year
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ Nov    Day ▶ 22    Year ▶ 1999
USA ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Mercedes J Franklin-G David Co
P O Box 8000
Southport, FL 32409

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 05 2000
ONE DEPOSIT RECEIVED
JAN 05 2000
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

PLAINTIFF'S EXHIBIT
D 6

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

FORM VA

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ VA 381-702,394-691,386-821,594-651

a. ☐ This is the first published edition of a work previously registered in unpublished form. VA 394-690,390-991,466-964,466-963,459-138

b. ☐ This is the first application submitted by this author as copyright claimant. VA 471-190,520-353,520-354,520-352,550-909

c. ☒ This is a changed version of the work, as shown by space 6 on this application. VA 698-255,698-259

If your answer is "Yes," give: **Previous Registration Number** ▼ VA 698-257,789-259,789-260,876-980,876-979 **Year of Registration** ▼ 1989,90,91,92,93,95,96 & 97

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

222 Jewelry Designs

**a**

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

86 New jewelry designs & 136 designs incorporating pre-existing elements

**b**

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                                    **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

David Gantt

Mercedes J Franklin-G David Co

P O Box 8000

Southport    FL    32409

Area code and daytime telephone number ▶ 850 ) 265-6274          Fax number ▶ (850 ) 265-2029

Email ▶

**b**

**7**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Mercedes J Franklin-G David Co

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

David Gantt                                    Date ▶ January 2, 2000

Handwritten signature (X) ▼

x

Mail
certificate
to:

Name ▼ David Gantt
Mercedes J Franklin

Number/Street/Apt ▼
P O Box 8000

City/State/ZIP ▼
Southport  FL  32409

Certificate
will be
mailed in
window
envelope

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable $20* filing fee in check or
money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*Regis-
tration
filing
fees
are ef-
fective
through
June 30, 1999. For
the latest fee infor-
mation, write the
Copyright Office,
check the Copyright
Office Website at
http://www.loc.gov/
copyright, or call
(202) 707-3000.

**9**

PLAINTIFF'S
EXHIBIT
D7

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

July 1998—125,000
WEB REV: July 1998

PRINTED ON RECYCLED PAPER

U.S. GOVERNMENT PRINTING OFFICE: 1998-432-381/60,014

PLAINTIFF'S
EXHIBIT
D8

# CERTIFICATE OF COPYRIGHT REGISTRATION

## FORM VA
UNITED STATES COPYRIGHT OFFICE

**REGISTRATION NUMBER**

VA  348-009

VA     VAU

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

**EFFECTIVE DATE OF REGISTRATION**

5 / 1 / 89
Month / Day / Year

REGISTER OF COPYRIGHTS

OFFICIAL SEAL

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**
Crab-C50B

**NATURE OF THIS WORK ▼** See instructions
Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**
None

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

**2**

**a**

**NAME OF AUTHOR ▼**
Mercedes J. Franklin-G. David Co

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally...

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
A design made for a piece of jewelry

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1985 ◄ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ Jan Day ▶ 2 Year ▶ 1986
U.S.A. ◄ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼
Mercedes J. Franklin-G. David Co.
P.O. Box 8000
Southport, FL 32409

See instructions before completing this space.

**APPLICATION RECEIVED**
MAY 01 1989
**ONE DEPOSIT RECEIVED**
MAY 01 1989
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.
• Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 6 pages



PLAINTIFF'S
EXHIBIT
COMPOS IT
E 1

# Mark Edwards

P.O. Box 4158
Deerfield Beach, FL 33442
Phone: 954-481-9164 Fax: 954-481-9166
E-Mail: info@markedwardsltd.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/22/2007 | 40001 |

**PAID**

| Bill To | Ship To |
|---------|---------|
| JAY LUBECK GOLD SMYTH #M3354<br>132 ORANGE STREET<br>NEPTUNE BEACH, FL 32266 | JAY LUBECK GOLD SMYTH #M3354<br>132 ORANGE STREET<br>NEPTUNE BEACH, FL 32266 |

| P.O. No. | Terms | Rep | Ship Date | Due Date | Ship Via | FOB |
|----------|-------|-----|-----------|----------|----------|-----|
| | Net 30 | KSK-O | 10/22/2007 | 11/21/2007 | Fed-Ex | Deerfield Bch |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 1 | C50BF | 20MM BLUE CLAW CRAB 3-D PENDANT | 99.44 | 99.44 |
| | 100-FT | Shipping, Handling & Insurance Charges. All rates are subject to carrier fuel surcharges which are adjusted monthly. Additional charges apply for extended area deliveries. | 10.99 | 10.99 |

Created for you by

*Mark Edwards*

HANDCRAFTED IN USA

**Total** | 110.43

**PLAINTIFF'S EXHIBIT**
E-2

All Designs Copyrighted!!!
Overdue accounts are subject to a monthly service charge of 1.5% per month. Merchandise returns must have company approval and be accompanied by a (RA#) return authorization number. Approved returns will be subject to a 15% restocking fee. Please note, all discounts taken off invoices must be on the SUBTOTAL only.



Cust. JAY LUBECK GOLD SMYTH
Item.  C50BF          Qty. 1
Desc. 20MM BLUE CLAW CRAB 3-D P
Note:
Total Gram Weight  3.2




PLAINTIFF'S
EXHIBIT
23





PLAINTIFF'S
EXHIBIT



PLAINTIFF'S
EXHIBIT
E 3





PLAINTIFF'S
EXHIBIT
E6

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

MERCEDES J. FRANKLIN and DAVID GANTT, d/b/a G.DAVID CO.,

**DEFENDANTS**

MARY JANE VOTYPKA, individually, and MEL LTD. LLC, a Florida limited liability company d/b/a MARK EDWARDS

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard M. Saccocio, Esq., Law Office of Richard M. Saccocio, P.A., 780 W.Tropical Way, Plantation, Florida 33317, Ph (954) 764-8003
Timothy L. Grice, Esq., Law Office of Timothy L. Grice, P.A., 301 Clematis Street, Suite 3000, W. Palm Bch, FL 33407 Ph (561) 802-4474

Attorneys (If Known)

CIV-MARRA

MAGISTRATE JUDGE
JOHNSON

07-61848

**(d)** Check County Where Action Arose:   ☐ MIAMI- DADE   ☐ MONROE   ☑ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

0:07 CV 61848-KAM Johnson

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | DEC 18 2007 | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | CLARENCE MADDOX | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | CLERK U.S. DIST. CT. | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | S.D. OF FLA. - FT. LAUD. | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO       b) Related Cases ☐ YES ☐ NO

JUDGE                               DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Copyright Infringement under 17 USC 501, Trademark Infringement under 15 USC 1114 & 1125

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

FOR OFFICE USE ONLY

AMOUNT          RECEIPT #          IFP

5/18/11