UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61848-CIV-MARRA/JOHNSON

MERCEDES J. FRANKLIN et al.,
Plaintiffs,

vs.

MARY JANE VOTYPKA et al.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs' Motion for a Temporary Restraining Order and Other Relief (DE 58).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs seek a temporary restraining order to prevent Defendants from destroying certain jewelry molds of Plaintiffs' copyrighted designs, samples of Plaintiffs' copyrighted designs and boxes of waxes of Plaintiffs' designs.  Plaintiffs attached a list of these items to the motion. (Ex. 2 to DE 58.).  In response, Defendants state that the items listed in Exhibit 2 are in the possession of Defendants' counsel and are not at risk of being destroyed.  In reply, Plaintiffs point to various items that are part of the bankruptcy petition of two entities that are connected to Defendants.  Plaintiff alleges that one of these bankrupt entities did not transfer assets to the bankruptcy Trustee and instead gave those assets to Defendants.  Plaintiff seeks to include these asserts in the relief requested before this Court.

A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties.  See Cate v. Oldham, 707 F.2d 1176, 1185

(11th Cir.1983). A party seeking a temporary restraining order or preliminary injunction must show the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to Plaintiff outweighs the harm an injunction may cause Defendants; and (4) that granting the injunction would not harm the public interest. See Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999).

A court's power to grant injunctive relief should be exercised only when intervention is essential to protect property or other rights from irreparable injury. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir.1990) (when an injury is compensable through money damages there is no irreparable harm). In other words, there must be a showing that the movant will suffer irreparable harm absent an injunction. Irrespective of the magnitude of the injury, it must be sufficiently probable that the opposing party's future conduct will violate and irreparably injure a right of the moving party. Hunt v. Anderson, 794 F. Supp. 1551, 1557 (M.D. Ala.1991). To make a showing of irreparable harm, which is the most important requirement for an injunction, the movant must demonstrate an injury that "is neither remote nor speculative" but instead "actual and imminent." Shapiro v. Cadman Towers, Inc., 51 F.3d 328 (2d Cir.1995); Hatmaker v. Georgia Dept. of Transp. By and Through Shackelford, 973 F. Supp. 1047, 1057 (M.D. Ga.1995).

Here, Plaintiffs have failed to show a likelihood of success on the merits or irreparable injury. With respect to the items in Exhibit 2, Defendants have shown that those items are not at any risk of destruction. The remaining items discussed by Plaintiffs were first raised in the reply memorandum. Of course, raising an argument in a reply memorandum did not provide Defendants with an opportunity to address those contentions. As such, the Court will not

consider these arguments.  See Rule 7.1(C) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984).  The Court does, however, note that those items appear to be part of an ongoing bankruptcy proceedings, a proceeding with which the Court will not interfere.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for a Temporary Restraining Order and Other Relief (DE 58) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of May, 2009.

_____
KENNETH A.  MARRA
United States District Judge