UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61848-CIV-MARRA/JOHNSON

MERCEDES J. FRANKLIN et al.,

Plaintiffs,

vs.

MARY JANE VOTYPKA et al.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs' Motion for Summary Judgment (DE 42). The motion is fully briefed and ripe for review. The Court held oral argument on June 12, 2009. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs Mercedes J. Franklin and David Gantt have filed an Amended Complaint for one count of copyright infringement and one count of trademark infringement. Plaintiffs allege that Defendants Mary Jane Votypka and MEL Ltd. LLC's have infringed numerous pieces of their extensive line of nautical jewelry. In moving for summary judgment, it appears that Plaintiffs seek a legal ruling on the issue of copyright infringement and the personal liability of Ms. Votypka.[1]

Plaintiffs have submitted 64 copyright registrations with each registration covering many designs. (Ex. 3 to Pl. Mot.) A review of this voluminous exhibit shows hundreds of photographs of pieces of jewelry. Plaintiffs have also submitted a "randomly selected" sampling of jewelry

---

[1] The section of Plaintiffs' brief entitled "legal argument" only addresses these two legal issues. Thus, the Court's discussion shall be limited to these issues.

from Defendants' jewelry catalog that they submit is evidence of infringement.  (Ex. 24, 25, and 26 to Pl. Mot.)   These exhibits contain numerous pictures, copyright registrations, and pages of invoices.  The pictures and invoices are marked with circles, stars and dashes. Plaintiffs also provide an exhibit that appears to be a catalog with the description "Mark Edwards Ltd." and "Mercedes J. Franklin Collection."™ [2]

With respect to facts regarding the individual liability of Ms. Votypka, Plaintiffs point to an unofficial record from the Florida Department of State, Division of Corporations, that lists Ms. Votypka as the sole managing member of MEL Ltd, LLC and the registered agent. (State of Florida, Department of State, Ex. 5 to Pl. Mot.)  At Ms. Votypka's deposition, Ms. Votypka stated that she does marketing for the corporation and is the president of the corporation. When asked if she had a secretary, Ms. Votypka stated, "No, I'm everything."  (Dep. of Votypka at 11-12, Ex. 7.)  Exhibit 9 consists of a loan document in Ms. Votypka's name in the amount of $484,419.02.  The document does not state the purpose of the loan.  (Ex. 9.)  Exhibit 9A consists of a spreadsheet with the title "MEL Ltd. LLC," a typed notation in the corner stating "register: loan from MJ Votypka" and various underlined transactions, most of which are identified as "Mary Jane Votypka" and one is identified "cash." Many transactions which are identified as "Mary Jane Votypka" are not underlined. (Ex. 9A.)  When asked if she remembered what she did with $5,000.00 paid to her by the company, Ms. Votypka testified that she did not remember but "maybe" she paid her mortgage with that money. (Votypka Dep. 41.)  Exhibit 10 consists of a lease with Ms. Votypka's signature for jewelry manufacturing equipment. (Ex. 10 to Pl. Mot.)

---

[2] Plaintiffs cite to this as exhibit 6, although it is labeled as exhibit 8, which means there are two exhibits 8 in the record.

Exhibit 17A consists of a Federal Express Shipping label containing Ms. Votypka's name as well as the name of MEL Limited, LLC.  (Ex. 17A to Pl. Mot.)

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

Where, as here, "the moving party is also the party with the burden of proof on the issue- it is important to remember the non-moving party must produce its significant, probative evidence only after the movant has satisfied its burden of demonstrating there is no genuine dispute on any material fact." Chanel Inc. v. Italian Activewear of Florida, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991) citing Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir.1991).  "[T]here is no genuine dispute only if a reasonable jury could not return a verdict for the non-moving

party." Id. citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Under that standard, it is not enough for the moving party, with the burden of proof, to point out that the opposition to the motion consisted only of a paltry response.  Id.  Lastly, "[s]ummary judgment historically has been withheld in copyright cases because courts have been reluctant to make subjective determinations regarding the similarity between two works."  Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1247 (11th Cir. 1999) citing Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir.1980) (noting that copyright claims often involve very difficult and close questions of fact).

With that rigorous standard in mind, the Court will consider Plaintiffs' arguments.  To prevail on a claim for copyright infringement, plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); BellSouth Advertising & Publishing Corp. v. Donnelley Info. Publishing, Inc., 999 F.2d 1436, 1440 (11th  Cir. 1993).  A plaintiff must show that the defendant copied "constituent elements of the [copyrighted] work that are original." Feist, 499 U.S. at 361. Where, as in this case, Plaintiff concedes that there is no direct evidence of copying (DE 42-3 at 11), it must be shown that the infringing work and copyrighted work are "so substantially similar that . . . an average lay observer would recognize the alleged copy as having been appropriated from the original work." Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002).  However, "[s]ubstantial similarity" is a question of fact, and summary judgment is only appropriate if no reasonable jury could differ in weighing the evidence. See Leigh v.  Warner Bros., Inc., 212 F.3d 1210, 1216 (11th Cir. 2000); Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994); Donald Frederick Evans & Assocs.

v. Continental Homes, Inc., 785 F.2d 897, 904 (11th Cir.1986).

Simply put, the Court is unable to determine from the evidence submitted that Defendants have, as a matter of law, infringed upon Plaintiffs' copyrighted works.  Plaintiffs have submitted numerous pictures of jewelry and it is virtually impossible for the Court to know which pieces of jewelry should be compared  Moreover, the Court is not able to determine the significance of the markings of the circles, stars and dashes replete throughout the exhibits.  Nor can the Court make any sense of the random pictures of Defendant's jewelry and how to compare it to Plaintiffs' jewelry.  In fact, even during the oral argument, Plaintiff's counsel stated that the voluminous exhibits required "interpretation" and suggested that the Court listen to testimony from one of the Plaintiffs in order to gain a better understanding of the evidence in this case.  In the end, the lack of clarity of the factual record makes any attempt to wade into the "substantial similarity" analysis a hopeless one in a summary judgment context.  As such, Plaintiffs, as the moving party with the burden of proof, have failed to carry their burden on summary judgment.

Likewise, the Court finds that Plaintiffs are unable to establish, as a matter of law, that Ms. Votypka should be held personally liable for the acts of the corporation, even assuming that Plaintiffs could establish the liability of the corporation.  Plaintiffs argue that there is no distinction between Ms. Votypka and the corporation, the corporation was formed for the illegal purpose of infringement, she willfully infringed Plaintiffs' copyright, and she possessed the right and ability to supervise the infringement.

This argument, however, suffers from both legal and factual deficiencies.  Factually, the record is sparse on the corporate structure and the relationship between Ms. Votypka and the corporation.  Although Plaintiffs make much of the Ms. Votypka's statement "I am everything,"

the Court is hesitant to find, as a matter of law, that this statement gives rise to the unequivocal conclusion that the corporation is a sham entity. After all, the question posed that elicited this response was whether Ms. Votypka had a secretary. Furthermore, Plaintiffs' arguments hinge on the making of numerous inferences, inferences which are more appropriate to be argued to a fact finder and not advanced on a motion for summary judgment. The same can be said of the document Plaintiffs provided to the Court entitled "loan document" in Ms. Votypka's name in the amount of $484,419.02. According to Plaintiffs, this document can only be interpreted as evidence that she financed the corporation. (DE 42-3 at 15.) However, the document provides no other pertinent information about the loan. While Plaintiffs' inference may be the correct one, the Court is not in the position to draw such an inference on a motion for summary judgment. In any event, any inference drawn would need to be taken in the light most favorable to the non-moving party, and not Plaintiffs. Additionally, the Court can draw no meaningful conclusion regarding the corporate structure from documents showing that Ms. Votypka leased equipment or that her name appeared on a Federal Express shipping label. Lastly, the record is woefully inadequate regarding Ms. Votypka's supervisory role in the corporation.

      The Court's analysis could end here, given that Plaintiffs' recitation of the facts have not demonstrated that a reasonable jury could not enter a verdict for Defendants on the issue of Ms. Votypka's personal liability. The Court will, however, note that Plaintiffs seek summary judgment on legal grounds that are generally disfavored by courts; i.e., a finding of willfullness, illegal intent, and fraudulent purpose. Indeed, it is axiomatic that "[c]ases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment." Alabama Farm Bureau Mutual Casualty Co., Inc. v.

American Fidelity Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979).[3]  Clearly, Plaintiffs' argument for finding personal liability of Ms. Votypka hinges, in part, on these issues.  Those issues, in combination with the deficient factual record, make this case inappropriate for summary judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment (DE 42) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of June, 2009.

_____
KENNETH A.  MARRA
United States District Judge

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).